UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAED ABDELRAHMAN,

           Plaintiff,

      v.                                            Case No. 23-cv-1562-bhl

US DEPARTMENT OF AGRICULTURE
FOOD AND NUTRITION SERVICE,

           Defendant.

## SCREENING ORDER

On November 20, 2023, Raed Abdelrahman, proceeding *pro se*, filed a complaint against the U.S. Department of Agriculture Food and Nutrition Service (USDA), alleging violations of his Sixth Amendment rights under 42 U.S.C. § 1983. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Abdelrahman reports that he is employed by H&I Foods, with $1400 in monthly wages. (ECF No. 2 at 2.) He says he is married with four children and his wife is not employed. (*Id.* at 1.) Abdelrahman states that he provides $300 or more in monthly support to each of his children but beyond this $1,200 does not identify any other expenses. (*Id.*) For assets, he lists a 2005 Toyota Sienna worth approximately $1800, a home (with no mortgage) worth approximately $58,000, and $2000 in cash or accounts. (*Id.* at 3.)

Based on Abdelrahman's filings, the Court cannot find that he is unable to afford the Court's filing fee. Based on his listed income and expenses, he has $200 in excess income each month on which he can draw to pay the $402 filing fee. He also reports owning his home and

having $2,000 in cash on hand in his bank account. Based on these facts, the Court declines to find that Abdelrahman is indigent and will deny his motion. In any event, as explained below, Abdelrahman has also failed to state a claim for which relief may be granted, which also necessitates denial of his motion.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

The substantive allegations in Abdelrahman's *pro se* form complaint are minimal. He invokes 42 U.S.C. § 1983, which provides a remedy for constitutional violations by state or local officials. (ECF No. 1 at 3.) But he does not name any state or local officials as defendants; instead the only named defendant is a federal agency, the USDA. (*Id*. at 2.) Abdelrahman alleges he was

"denied the right to a fair [trial or hearing]" in violation of the Sixth Amendment. (*Id.* at 3–4.) He also claims he was "made liable for an action [he] did not commit[], and [was] penalized by the [USDA] for it." (ECF No. 1 at 4.) He asks for a fair trial or hearing and to be allowed to "formally present [his] case to the court." (*Id.* at 5.) That is the extent of the information provided.

## ANALYSIS

Abdelrahman's complaint fails first because he invokes Section 1983, but names a federal agency as the only defendant. This is improper. "[Section 1983] deals only with those deprivations of rights that are accomplished under the color of the law of any State or Territory." *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973) (internal quotations omitted). The USDA is a federal agency acting under color of *federal* law. Section 1983 cannot support a claim "for actions taken under color of federal law." *Askew v. Bloemker*, 548 F.2d 673, 677 (7th Cir. 1976) (citing *Carter*, 409 U.S. at 424). Accordingly, the USDA is not a proper defendant for a Section 1983 claim.

Putting Abdelrahman's invocation of Section 1983 aside, his complaint also fails because he has not provided enough factual allegations to put the USDA on notice of any allegations against it. He alleges he was penalized by the USDA for something, but he provides no information regarding what he was penalized for, what the penalty was, why he was penalized, or how the penalty deprived him of rights. While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Abdelrahman must still plead facts sufficient to put the defendant on notice of any claims against it. He has not provided sufficient facts to put the USDA on notice of his claim. His threadbare allegations that he was penalized by the USDA without a fair trial are insufficient to state a claim. *See Twombly*, 550 U.S. at 570.

Finally, Abdelrahman alleges he was deprived of his "right to a fair [trial] under the Sixth Amendment." But the Sixth Amendment guarantees the accused certain rights in criminal prosecutions. It is not a source of any substantive rights in a civil action. *See, e.g.*, *Turner v. Rogers*, 564 U.S. 431, 441 (2011); *Wolfolk v. Rivera*, 729 F.2d 1114, 1119–20 (7th Cir. 1984). Abdelrahman's lack of factual allegations makes it impossible for the Court to determine with certainty the nature of his complaint, but it appears that his dispute stems from a civil penalty assessed against him by the USDA. And a civil penalty does not implicate the Sixth Amendment. For these reasons, Abdelrahman has failed to state a claim for which relief may be granted.

Because Abdelrahman is acting without help from a lawyer, the Court will allow him the opportunity to file an amended complaint, clarifying his allegations, describing plausible legal claims, and naming appropriate parties as defendants. If he chooses to file an amended complaint, Abdelrahman should provide additional facts describing what happened to him and what harm he suffered as a result. Abdelrahman is advised that his amended complaint must include the docket number assigned to this case and be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Abdelrahman's motion for leave to proceed without prepayment of the filing fee, (ECF No. 2), is **DENIED**.

**IT IS FURTHER ORDERED** that, if Abdelrahman wishes to proceed with this lawsuit, he must file an amended complaint accompanied by the full filing fee. The amended complaint must be filed with the Court on or before **December 29, 2023**. If the Court does not receive Abdelrahman's amended complaint by that date, the case will be dismissed for Abdelrahman's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on November 29, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge